**Julian P. WAMMOCK, Plaintiff-Appellee,**

v.

**CELOTEX CORPORATION, et al., Defendants,**

**National Gypsum Company, Defendant-Appellant.**

**No. 85–8608.**

United States Court of Appeals, Eleventh Circuit.

Aug. 25, 1986.

Lawrence T. Hoyle, Philadelphia, Pa., William D. Barwick, Mara McRae, Kilpa-trick & Cody, A. Stephens Clay, Atlanta, Ga., for defendant appellant.

Richard H. Middleton, Savannah, Ga., Ron L. Motley, Ann Zimmel, Michael J. Brickman, Charleston, S.C., for plaintiff-appellee.

Before TJOFLAT and ANDERSON Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

In an earlier opinion reported at 793 F.2d 1518 (11th Cir.1986), we concluded that state law controls the question of the availability of punitive damages in this asbestosis case. Because there is a need for authoritative guidance from Georgia courts on this issue, we certify the question to the Georgia Supreme Court under Rule 36 of the Georgia Rules of Appellate Procedure.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO RULE 36 OF THE SUPREME COURT OF GEORGIA, TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF.

1. *Style Of The Case*

The style of the case in which this certification is made is Julian P. Wammock, Plaintiff-Appellee, versus National Gypsum Company, Defendant-Appellant, Case No. 85–8608, United States Court of Appeals for the Eleventh Circuit on appeal from the United States District Court for the Southern District of Georgia.

2. *Statement Of Facts*

This civil action was commenced by Julian P. Wammock in 1981, approximately three years after his retirement from work as a carpenter. The complaint was filed against sixteen manufacturers and distrib-

utors of asbestos-containing products, for damages arising from Mr. Wammock's exposure to asbestos. Mr. Wammock asserted two legal theories of liability—strict liability and negligent failure to warn. In addition to compensatory damages, Mr. Wammock sought to recover against all defendants an award of punitive damages on the grounds that the defendants for a long time were aware of the dangers of asbestos exposure but intentionally failed to disseminate such information. All other defendants settled or were dismissed and the case proceeded to trial against National Gypsum Company ("National Gypsum") alone in May 1985.

The jury returned a verdict for plaintiff of $40,000 in compensatory damages and $250,000 in punitive damages, and National Gypsum appealed from the final judgment entered on that verdict. On appeal, we ordered the certification of certain questions to the Supreme Court of Georgia in accordance with Rule 36 of that court. *Wammock v. National Gypsum Company*, 793 F.2d 1518 (11th Cir.1986). The appellee filed a petition for rehearing, which we treated as a motion for reconsideration and denied by order dated July 21, 1986.

Mr. Wammock, a life-long carpenter, throughout his career had been exposed in various degrees to asbestos-containing products of numerous manufacturers. His primary but not sole exposure to a National Gypsum product was to joint compound while installing wallboard. National Gypsum's joint compound—sometimes called joint treatment or joint cement, a product used to cover the seams between sheets of wallboard—in the past contained asbestos as one of its constituent ingredients.

Mr. Wammock's employment as a carpenter began in the shipyards between 1942 and 1946. Thereafter, he worked in the construction trades until his retirement in 1978. In 1981, three years after his retirement, Mr. Wammock was diagnosed as having asbestosis due to his continued exposure to asbestos. At the time of trial, Mr. Wammock was seventy-one years of age.

Although the parties strongly disagree on the significance of the evidence, the evidence on which the plaintiff premised his punitive damages claim against National Gypsum consisted of the testimony of Drs. Gerritt Schepers, Nicholas Demy and David Ozonoff, as well as deposition testimony of Mr. Albert Fay, a former National Gypsum employee. Plaintiff also offered into evidence various documents, some of which were from among National Gypsum's records. In addition, both parties put on evidence of the so-called state of the art concerning knowledge of the hazards of asbestos.

For present purposes, we need not recount the evidence adduced at trial in detail, which has been fully referenced in the parties' briefs. The substance of the testimony of Drs. Ozonoff, Demy and Schepers, as well as the other evidence presented at trial, is not in dispute, *see* Appellees' Supplemental Brief at 3–10; National Gypsum Company's Additional Statement of Facts Not Stipulated by Plaintiff-Appellee, although the inferences to be drawn therefrom are. In short, the appellee contends that the evidence adduced at trial was sufficient such that National Gypsum "knew or should have known" of the hazards of asbestos before 1972. Appellee's Supplemental Brief, at 2. In contrast, the appellant contends that even if National Gypsum was negligent in failing to extrapolate from the known hazards of high level exposure to the unknown dangers of low level exposure, the fact that it should have known of those dangers is insufficient to support an award of punitive damages under Georgia law.

### 3. *Stipulated Questions For Certification*

(1) Can a plaintiff recover punitive damages under Georgia law in asbestos tort litigation where the defendants may be liable for multiple awards of compensatory and punitive damages for the same conduct?

(2) Was the evidence concerning the conduct of defendant sufficient to justify an award of punitive damages under Georgia law?

The Georgia Supreme Court will not in any way be bound by this articulation of the questions in consideration of the issues involved. The clerk is directed to transmit the entire record in this case, together with copies of the briefs of the parties, to the Georgia Supreme Court.

QUESTION CERTIFIED.